# Exhibit C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, and AETNA HEALTH INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>RADIOLOGY PARTNERS, INC. and MORI, BEAN AND BROOKS, INC.,<br><br>Defendants. | Case No. 3:24-CV-01343-BJD-LLL |

**AETNA'S SECOND SET OF REQUESTS FOR PRODUCTION TO
DEFENDANT RADIOLOGY PARTNERS, INC.**

PLEASE TAKE NOTICE that Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company (collectively "Aetna") request Defendant Radiology Partners, Inc. ("Radiology Partners") produce documents to the following requests for production of documents ("Second Set of Requests for Production") within thirty days of service hereof.

**DEFINITIONS**

Unless otherwise stated, the following definitions apply to the terms used in Aetna's requests for production:

1. "Radiology Partners," "You," or "Your" refers to Defendant Radiology Partners, Inc., and any employees, representatives, agents, contractors, management companies, or anyone else working on its behalf.

2. "MBB" refers to Defendant Mori, Bean and Brooks, Inc., and any employees, representatives, agents, contractors, management companies, or anyone else working on its behalf.

- 1 -

3. "Affiliated Medical Groups" shall mean any medical group that Radiology Partners has acquired the stock of and/or that Radiology Partners has executed a management services agreement with.

4. "Any" means all or each and every item.

5. "Communication" means the transmittal of information in any form or medium. The term is not limited to transfers between persons, but also includes other transfers including records and memoranda to file; any written letter, memorandum, e-mail, or other document which was sent by one or more individuals to another or others; any text or other message sent or received via a company-provided or company-paid phone or device, any telephone call between one or more individuals and any other or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.

6. "Document" means without limitation, any written, recorded, or graphic material, printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard-disk or other electronic data storage medium, or any other TeamHealth-specific storage medium, whether or not claimed to be privileged, confidential, immune or otherwise properly withheld from discovery. The term includes "communications" as defined above as well as notes; letters; correspondence; facsimiles; telegrams; memoranda; summaries or records of meetings; diaries; reports; laboratory and research reports and notebooks; recorded experiments; charts; plans; drawings; diagrams; schematic diagrams; illustrations; engineering blueprints; chart descriptions; product analysis; requests for proposals; documents related to proposed or actual product improvements or changes; user manuals or guides; product catalogues, guides, or manuals; technical descriptions; product repair manuals or guides; photographs; video

images; videotapes; CDs; DVDs; software flow charts or descriptions; product functional descriptions; minutes or records of meetings; summaries of interviews, reports, or investigations; opinions or reports of consultants; reports of patent searches; patent appraisals; opinions of counsel; agreements; reports or summaries of negotiation; brochures; pamphlets; advertisements; circulars; trade letters; press releases; drafts of documents; and all other material fixed in a tangible medium of expression of whatever kind, including the original and every non-identical copy or reproduction in your possession, custody, or control.

7. "Related to," "relating to," or "concerning" and their forms shall be given their broadest possible meaning, including but not limited to: referring to, describing, evidencing, concerning, constituting, mentioning, containing, discussing, analyzing, pertaining to, being connected with, resulting from, reflecting upon, in whole or in part, directly or indirectly, the stated subject matter.

8. "This Action" shall mean the lawsuit this discovery is issued from, *Aetna Health Inc., et al. v. Radiology Partners, Inc., et al.*, Case No. 3:24-CV-01343-BJD-LLL (M.D. Fla.).

9. "Press Release" shall mean any comment, statement, or disclosure made to a journalist, news entity, or media entity, as well as any statement disclosed or dispersed on Radiology Partners' website.

10. "Public Relations and Crisis Management Firm" refers to any outside company advising on communicating information to the public, media, news, or government, including but not limited to Jarrard, Inc.

11. "Website Changes" refers to changes, alterations, additions, or removals of information from the websites of Radiology Partners, MBB, or any of the Affiliated Medical Groups in Florida, including but not limited to:

- 3 -

- Adding Radiology Partners' branding to the websites of MBB and the Affiliated Medical Groups in Florida;

- Adding statements that the Affiliated Medical Groups in Florida have an affiliation or relationship with MBB;

- Adding statements that the Affiliated Medical Groups "provide radiology services to patients throughout the United States, including Mori, Bean, and Brooks, Inc.";

- Removing references to Radiology Partners being the "largest" radiology practice in the United States;

- Removing references to how many radiologists Radiology Partners' "employs";

- Removing and/or altering the presence and description of certain providers from MBB's and the Affiliated Medical Groups in Florida's websites, such as the removal of Dr. Krishna Nallamshetty from Radiology Associates of Florida's website; and,

- Modifying how the relationship between Radiology Partners and MBB and the other Affiliated Medical Groups is described.

12. "Document Retention Policy" shall mean any policy that outlines procedures, rules, or guidelines on how long to keep documents and/or how to dispose of them.

**INSTRUCTIONS**

1. Each Request set forth below shall apply to documents in your possession or custody, or under your control, as well as in the possession of any parent or sister company, your employees, agents, representatives, officers, directors, consultants, or any other person acting or purporting to act on your behalf, including, unless privileged and such privilege has not been waived, your attorneys.

2. Documents shall be produced either: (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located, and where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

3. In producing documents, please produce a legible copy of each document requested together with all non-identical copies and drafts of that document. You shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

4. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document is a responsive document in its own right and must be produced.

5. If any portion of any document is responsive to any Request, then the entire document must be produced, including all attachments and enclosures.

6. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

7. You should respond to every Request for Production fully and completely. If you object to a Request, you should specifically and separately state each reason for your objection(s).

8. If you withhold any document based on an objection to a Request, you must still produce all documents covered by that Request and not subject to your objection.

9. If you cannot produce a document that is responsive to a Request, state as much and indicate whether the document ever existed or whether the document once existed but cannot be located. If any responsive document once was, but is no longer, in your possession, custody, or control, state the whereabouts of such document when last in your possession, custody, or control, state the manner of its disposition, and identify its last known custodian. To the extent any responsive document was lost or destroyed, produce any document that supports your assertion that the document was lost or destroyed, and provide the date when each such document was lost or destroyed.

10. Other than redactions of privileged information, documents are to be produced in full and may not be redacted in any manner.

11. If you withhold a document or part of a document because it contains privileged content, produce it to the extent possible, and provide the information required in Section VI.A.2 of the Middle District of Florida Discovery Handbook.

12. Any Request that demands the production of documents "sufficient to show" requires you to produce only those documents necessary to provide all the information necessary to show, identify, or describe the subject matter requested.

13. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

14. These Requests are continuing and require supplemental responses if a response is incomplete or inaccurate.

15. Unless otherwise specified, the First Set of Requests for Production pertain to the period beginning on December 1, 2018 through the present day.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 35:** All Documents reflecting or relating to actual or potential Radiology Partners' communications with third parties regarding This Action, including regarding any Press Releases, communications with media, communications with Public Relations and Crisis Management Firms, internal discussions about any media reporting on This Action, or internal discussions about any external communication regarding This Action.

**REQUEST NO. 36:** All Documents and Communications discussing, strategizing, directing, or effectuating the Website Changes and the reasons for the Website Changes.

**REQUEST NO. 37**: All Documents and Communications discussing, strategizing, directing, or effectuating changes to any external or internal description of the relationships between Radiology Partners, MBB, the Affiliated Medical Groups, and/or healthcare providers associated with any of the foregoing.

**REQUEST NO. 38**: All Document Retention Policies in effect for Radiology Partners and/or its Affiliated Medical Groups from January 1, 2018 to present.

Date:  February 28, 2025

Respectfully submitted,

By: /s/ Nathaniel J. Moore

**ROBINS KAPLAN LLP**

Jared J. Burns
Fla. Bar #1003415
JBurns@robinskaplan.com
10151 Deerwood Park Blvd.,
Building 200, Suite 250
Jacksonville, FL 32256
P: (612) 349-8500

Nathaniel J. Moore (*pro hac vice*)
NMoore@robinskaplan.com
Marcus A Guith (*pro hac vice*)
MGuith@robinskaplan.com
Kyle D. Nelson (*pro hac vice*)
KNelson@robinskaplan.com
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
P: 612.349.8500

Paul D. Weller (*pro hac vice*)
PWeller@robinskaplan.com
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
P: 212.980.7400

*Attorneys for Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *AETNA'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT RADIOLOGY PARTNERS, INC.* was electronically served on counsel of record via email on February 28, 2025.

/s/ Kyle D. Nelson