**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, and AETNA HEALTH INSURANCE COMPANY,<br><br>     *Plaintiffs*,<br><br> vs.<br><br>RADIOLOGY PARTNERS, INC. and MORI, BEAN AND BROOKS, INC.,<br><br>     *Defendants*. | Case No. 3:24-cv-01343-BJD-LLL |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY OR FOR PROTECTIVE ORDER**

It is axiomatic that "Plaintiffs are the master of their complaint." *Ruiz v. Ringling Coll. of Art & Design, Inc.*, 656 F. Supp. 3d 1340, 1353 (M.D. Fla. 2023); *cf. Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-CV-1445, 2010 WL 4941666, at *7 (M.D. Fla. Nov. 3, 2010), *aff'd*, 436 F. App'x 888 (11th Cir. 2011) ("Plaintiffs are the masters of their Complaint—it is not left to Defendants to decide how Plaintiffs' claims should be pled."). Yet Defendants have requested leave to file a reply to Plaintiffs' opposition to Defendants' motion to stay discovery or for a protective order (D.E. 36) based on the contention that Plaintiffs somehow "mischaracterize[d]" their own claims against Defendant Mori, Bean and Brooks, Inc. ("MBB"). (D.E. 40 at 2). It appears that Defendants will argue that Plaintiffs'

claims are *broader than Plaintiffs say they are*. Why would Defendants argue to broaden Plaintiffs' claims? Because they are desperate to avoid discovery.

Defendants are wrong that Plaintiffs assert claims against MBB for the period in which MBB had an in-network contract with Aetna (the "Contracted Period"). The Complaint asserts no such claims, *see* generally D.E. 1 (for example, there is no claim for breach of contract against MBB), and Plaintiffs have made clear that they are not asserting such claims in this action. *See*, *e.g.*, D.E. 39 at 2 ("Aetna asserts claims (1) against Radiology Partners for claims billed during the Contracted Period; and (2) against MBB and Radiology Partners for the Post-Contract Period."). There is simply no reason to allow a reply that will argue Plaintiffs' claims are broader than Plaintiffs themselves say they are.

Moreover, significant briefing remains on Defendants' motion to compel arbitration and motion to dismiss. (D.E. 27 & 28). Those motions will involve the same issue. And, Defendants have already devoted significant briefing—in their motion to compel arbitration (D.E. 28) and motion to stay discovery (D.E. 36)—to their descriptions of Plaintiffs' claims. Thus, the Court has sufficient information to review the complaint, in conjunction with the briefing, and assess what claims Plaintiffs have alleged against MBB—a rely brief is unnecessary.

Plaintiffs respectfully request for the Court to deny Plaintiffs' motion for leave to leave to file a reply to Plaintiffs' opposition to Defendants' motion to stay discovery or for a protective order (D.E. 40).

| | |
|---|---|
| Dated: April 7, 2025 | */s/ Jared J. Burns* |

**ROBINS KAPLAN LLP**

Jared J. Burns
Fla. Bar #1003415
JBurns@robinskaplan.com
10151 Deerwood Park Blvd.,
Building 200, Suite 250
Jacksonville, FL 32256
P: (612) 349-8500

Nathaniel J. Moore*
NMoore@robinskaplan.com
Marcus A Guith*
MGuith@robinskaplan.com
Kyle D. Nelson*
KNelson@robinskaplan.com
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
P: 612.349.8500

Paul D. Weller*
PWeller@robinskaplan.com
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
P: 212.980.7400

*Attorneys for Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company*

*Admitted pro hac vice