UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| AETNA HEALTH INC., et al., *Plaintiffs*, v. RADIOLOGY PARTNERS, INC., et al., *Defendants*. | CASE NO.: 3:24-CV-01343-BJD-LLL |
|---|---|

**DEFENDANTS' MOTION TO QUASH
PLAINTIFFS' SUBPOENAS TO PRODUCE DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Defendants Mori, Bean, and Brooks, Inc. ("MBB") and Radiology Partners, Inc. ("RP") respectfully move this Court to quash Subpoenas to Produce Documents issued to non-parties Ascension Sacred Heart, Baptist Hospital of Miami, Inc., Baptist Medical Center Jacksonville, Calhoun-Liberty Hospital Association, Inc., HCA Florida Memorial Hospital, Physicians Regional Healthcare System, Sarasota Memorial Hospital Inc., Palmetto General Hospital, Inc., and Tampa General Hospital Citrus, LLC. (the "Subpoenaed Hospitals").

**I.     INTRODUCTION**

In this lawsuit, Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company (collectively "Aetna"), allege MBB billed for services by other Florida RP-affiliated radiology practices since affiliating with RP

in 2018. Complaint [ECF No. 1] at ¶¶ 48, 60.

The Complaint admits that MBB was an in-network provider with Aetna until July 2022 pursuant to a written contract (the "Contract"). Compl. ¶ 118. Aetna's claims relate to both the contracted period ("the Contracted Period") during which the Contract was effective and a later period when the parties became subject to the federal No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111-12 (the "NSA Period").

The Contract contains a broad arbitration provision that **requires** the arbitration of claims "arising out of or relating to" the Contract:

> **Any controversy or claim arising out of or relating to this Agreement** or the breach, termination, or validity thereof . . . **shall be** settled by binding arbitration administered by the [AAA] . . . The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of state laws inconsistent therewith…

*See* Declaration of Malea Reising in Support of Defendants' Motion to Compel Arbitration ("Reising Decl.") [ECF No. 30], Ex A., ¶10.2.2 (emphasis added). Defendants filed a Motion to Compel Arbitration and a Motion to Stay pending arbitration because all of Aetna's claims include allegations that are inextricably tied to the Contract between the parties. Defendants also filed a Motion to Dismiss the NSA Period claims. As soon as Defendants' counsel conferred with Aetna's counsel about the upcoming Motion to Compel Arbitration, Aetna served discovery requests on Defendants. Given their pending Motion to Compel Arbitration, to protect against potentially waiving their right to arbitrate, Defendants also filed a Motion to

Stay Discovery, Or Alternatively Motion For Protective Order. [ECF No. 36].

Now, Aetna once again seeks to engage in discovery, through non-party discovery subpoenas — which would be impermissible in an arbitration governed by the Federal Arbitration Act ("FAA"). The Court should quash Aetna's subpoenas because: (1) the Contract plainly and indisputably requires the parties to engage in binding arbitration governed by the FAA, 9 U.S.C. §§ 1-16, for Aetna's Contracted Period claims; (2) the FAA mandates the Court stay this action pending arbitration, and Defendants have a pending motion to stay discovery; and (3) the subpoenas seek non-public confidential commercial information from the Subpoenaed Hospitals, which would directly harm Defendants.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Standing to move to quash a third-party subpoena exists "if the party alleges a 'personal right or privilege' with respect to the subpoenas." *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (noting that "[t]he law governing [standing to move to quash a third-party subpoena in] courts in the Eleventh Circuit . . . is somewhat broader" than in other circuits). "To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

3

(i) disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45.

The party seeking production has the burden "to prove its requests are relevant." *Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007), *on reconsideration in part*, No. 3:07-MC-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008).

### III.   ARGUMENT

As set forth in Defendants' pending Motion to Compel Arbitration [ECF No. 28], Aetna's Contracted Period claims must be brought in arbitration (if at all) rather than in this Court. This is just the latest of Aetna's impermissible attempts to obtain discovery beyond what Aetna could obtain in arbitration as provided for in the Contract, which evidences Aetna and MBB's intent to limit discovery, including by providing that depositions for discovery purposes shall not be permitted. Aetna cannot use the Federal rules to obtain documents that would not be available to them if Aetna had pursued arbitration, as required by the Contract.

#### A.   Aetna Seeks Discovery That Would Not be Permitted in an Arbitration

Aetna's claims relating to the Contract must be arbitrated. In arbitration, the Eleventh Circuit has recognized the FAA "does not permit pre-hearing depositions and discovery from non-parties." *Managed Care Advisory Group, LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1159-60 (11th Cir. 2019) (explaining that "the FAA

4

implicitly withholds the power to compel documents from non-parties without summoning the non-party to testify.")

Aetna's present discovery efforts are consistent with its overall attempts to evade arbitration, and the more limited discovery provided for in arbitration. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) (arbitration "discovery limitations are consistent with the goals of 'simplicity, informality, and expedition' touted by the Supreme Court") quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991); *Bhim v. Rent-A-Ctr., Inc.*, 655 F. Supp. 2d 1307, 1314 (S.D. Fla. 2009) ("it is entirely permissible for an arbitration agreement to limit the scope of discovery.") (citing *Gilmer*, 500 U.S., at 31).

Restrictions on discovery, including non-party subpoenas, are an inherent part of the arbitration structure that Aetna agreed to in the Contract with MBB. Arbitration before the American Arbitration Association ("AAA") is meant to "achiev[e] an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses." AAA R-23(a) (2022).  Thus, arbitrators have significant discretion regarding discovery and evidence presented, such that they are empowered to require the production of only the evidence deemed "necessary to an

understanding and determination of the dispute[,]"and to "exclude evidence deemed by the arbitrator to be cumulative or irrelevant." AAA R-35 (2022).

Aetna should not be permitted to circumvent the parties' agreed upon forum and applicable procedure before the Court has ruled on Defendants' Motion to Compel Arbitration. Permitting Aetna to proceed with discovery related to claims that belong in arbitration allows Aetna to evade the discovery restrictions of arbitration, including an arbitrator's discretion to control discovery. *See Rintin Corp., S.A. v. Domar, Ltd.*, 374 F. Supp. 2d 1165, 1170 (S.D. Fla. 2005), aff'd, 476 F.3d 1254 (11th Cir. 2007) ("discovery is not guaranteed in arbitration and arbitrators have broad discretion as to grant or deny the ability to obtain discovery."); *accord Boggs Contracting, Inc. v. Freismuth*, No. 6:21-CV-2088-CEM-EJK, 2021 WL 6755466, at *5 (M.D. Fla. Dec. 27, 2021). This Court should quash the subpoenas and not permit the end-run around the contractually required arbitration forum. "An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules." *Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988).

### B. The FAA Mandates A Stay of This Action and Defendants Have a Pending Motion to Stay Discovery

As explained in Defendants' Motion to Stay Discovery, should the Court grant Defendants' pending Motion to Compel Arbitration, a stay of Aetna's arbitrable claims in this lawsuit, including all discovery related thereto, is **mandatory** under 9

U.S.C. § 3 while the arbitration, with its more limited discovery obligations and burdens proceeds.[1]  If the Court denies the Motion to Compel Arbitration, Defendants have a statutory right to appeal that decision. 9 U.S.C. § 16(a)(1)(B) ("An appeal may be taken from an order denying a petition … to order arbitration to proceed").  And while any appeal of a denial of a motion to compel arbitration remains pending, the Court must stay discovery. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743-744 (2023) (a district court is "require[d]" to "stay its proceedings while the interlocutory appeal on the question of arbitrability is ongoing," to preserve the "benefits of arbitration").

As this Court has recognized, "compelling discovery during the pendency of defendant's motion to compel [arbitration] would frustrate the purpose of arbitration — an inexpensive and expeditious resolution of claims." *Mitchell v. Apollo Interactive Ins. Sols. LLC*, No. 3:24-CV-643-BJD-LLL, 2024 WL 5327443, at *2 (M.D. Fla. Dec. 16, 2024).

---

[1] *See Caley*, 428 F.3d, at 1368, ("the FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration under an agreement in writing for such arbitration,'"); *Reinhart v. Asset Managing Grp., Inc*, No. 3:16-CV-439-J-39MCR, 2016 WL 11530541, at *3 (M.D. Fla. Nov. 21, 2016) ("[T]he FAA 'provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration,' i.e., 'any issue referable to arbitration,' not necessarily when all issues are referable to arbitration." (citations omitted)); *Witt v. D.R. Horton, Inc.*, No. 8:08-CV-2414-T-33EAJ, 2009 WL 54902, at *2 (M.D. Fla. Jan. 7, 2009) ("A district court must compel arbitration and stay the underlying action if the parties had an earlier agreement to arbitrate their dispute.").

The same applies to the discovery Aetna seeks from the non-party hospitals. Non-parties should not be required to spend time and resources engaging in an ultimately impermissible exercise. "The undue burden analysis requires the court to 'balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) (citing 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019)). "The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry." *Id*. Here, the burden of requiring a non-party to produce documents when the Courts' rulings on multiple pending motions may make that production unnecessary — and in fact prohibited — outweighs any benefit to Aetna of obtaining that discovery before those motions are ruled upon.

### C. The Subpoenas Seek Confidential Commercial Information from Non-Parties

As to the subject matter of the subpoenas, Aetna seeks confidential commercial information from the Subpoenaed Hospitals, MBB's facility clients, relating to Defendants, including but not limited to:

- Radiology contracts and amendments;

- Communications related to any Assignment, novation, or transfer of any Radiology contract to MBB regarding the staffing of their radiology department;

8

- Marketing materials, solicitations, PowerPoint presentations, medical staff meeting documents, or related materials sent or provided by Radiology Partners, MBB, or any other Radiology Partners Affiliated Medical Group; and

- All Communications with Radiology Partners, MBB, and any other Radiology Partners Medical Group relating to their participation in provider networks with any health insurers, payors, or health maintenance organizations.

*See* Plaintiffs' Notice of Service of Subpoenas to Produce Documents, Schedule A at 2 (attached as Ex. A).

Federal Rule of Civil Procedure 45(d)(3)(B)(i) states that quashing a subpoena is permitted if it requires: "disclosing a trade secret or other confidential research, development, or commercial information." The information sought by Aetna regarding contracts, amendments, presentations, communications, and other documents seeks materials which were created and maintained in a confidential manner, and which contain sensitive information. For example, the contracts between these non-party facilities and MBB contain commercially-sensitive information regarding the consideration the facilities provide to MBB for staffing those facilities — similar to the reimbursement information Aetna itself sought to file under seal. Aetna has argued that their own contract with Defendants "contains confidential, proprietary, and non-public information, including reimbursement rates that Aetna agreed to pay MBB — the disclosure of which would put Aetna at a competitive disadvantage in future negotiations with healthcare providers." [ECF

9

No. 38 at 3]. Requesting production of those confidential materials, from non-parties, is excessive and harassing, particularly in the absence of any confidentiality order. "[F]ederal courts have recognized that privacy interests and confidentiality concerns can factor into a decision whether to quash a subpoena under Rule 45, even though the information requested by the subpoena is not subject to a federal evidentiary privilege." *Jordan*, 947 F.3d, at 1336.

"Once a party has shown that the requested information is a trade secret, it must next demonstrate disclosure might be harmful." *Fadalla*, 258 F.R.D., at 506. Here, the material sought is proprietary and disclosure could harm Defendants' business interests. For example, the dissemination of confidential contracts made with various facilities would necessarily expose information regarding the terms and conditions on which facilities contract with MBB, which could place MBB at a disadvantage with competitor medical groups. Notably, Aetna is part of a conglomerate that has recently expanded to doctor-staffed clinics[2], so Aetna's affiliates may well soon directly compete with MBB. *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) ("the courts have acknowledged that disclosure of confidential information to a competitor is presumed to be harmful to the disclosing entity.").

---

[2] https://www.forbes.com/sites/brucejapsen/2024/02/08/cvs-sticking-with-clinic-expansion-strategy-despite-walgreens-woes/

## IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court issue an order quashing Aetna's subpoenas to non-parties. Alternatively, Defendants request that the Court quash Aetna's subpoenas until after the Court rules on Defendants' pending Motion To Compel Arbitration, Defendants' Motion To Dismiss, and Defendants' Motion to Stay Discovery. Should the Court grant Defendants' Motion to Compel Arbitration, the Court may refer these instant subpoenas to the arbitrator to determine the extent to which they are encompassed by any claims subject to arbitration, and then only deal with the remainder.

### **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Defendants conferred with counsel for Plaintiffs on June 17, 2025, and Plaintiffs oppose the relief sought herein.

11

Respectfully submitted this 18th day of June, 2025.

| | |
|---|---|
| Glenn Solomon<br>*Admitted Pro Hac Vice*<br>Christopher Charles Jew<br>*Admitted Pro Hac Vice*<br>**KING & SPALDING LLP**<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Telephone: 213-443-4355<br>Facsimile: 213-443-4310<br>Email: gsolomon@kslaw.com<br>          cjew@kslaw.com<br><br>Sara Brinkmann<br>*Admitted Pro Hac Vice*<br>**KING & SPALDING LLP**<br>1100 Louisiana Street, Suite 4100<br>Houston, TX 77002-5213<br>Telephone: 713-751-3200<br>Facsimile: 713-751-3290<br>Email: sbrinkmann@kslaw.com | <u>/s/Samantha J. Kavanaugh</u><br>Samantha J. Kavanaugh<br>Florida Bar No.: 0194662<br>Michael H. Thompson<br>Florida Bar No.: 1045189<br>**KING & SPALDING LLP**<br>Southeast Financial Center<br>200 S. Biscayne Blvd., Suite 4700<br>Miami, FL 33131<br>Telephone: 305-462-6000<br>Facsimile: 305-462-6100<br>Email: skavanaugh@kslaw.com<br>          mhthompson@kslaw.com<br><br>*Counsel for Defendants Radiology Partners, Inc. and Mori, Bean, and Brooks, Inc.* |