# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, and AETNA HEALTH INSURANCE COMPANY,<br><br>*Plaintiffs*,<br><br>vs.<br><br>RADIOLOGY PARTNERS, INC. and MORI, BEAN AND BROOKS, INC.,<br><br>*Defendants*. | Case No. 3:24-cv-01343-BJD-LLL |

# PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company (collectively, "Aetna") hereby move for an order compelling Defendant Radiology Partners, Inc. ("Radiology Partners") to produce documents in response to Aetna's First and Second Sets of Requests for Production ("RFPs") and to answer Aetna's First Set of Interrogatories.

## INTRODUCTION

On paper, discovery in this matter has been open for more than five months. The reality, however, is that Defendants have outright refused to engage in any discovery for the sole reason that they have pending motions to stay discovery and to compel arbitration. That is, rather than participate in the case while the Court considers their motion to stay discovery, Defendants have *unilaterally granted themselves a stay*, ignoring the deadlines set forth in the Case Management and Scheduling Order. *See* D.E. 35 (setting schedule for fact discovery).

Defendants' obstructionism needs to stop. As Magistrate Judge Norway has explained, a party "may not unilaterally decide that it does not have an obligation to respond to discovery requests and produce responsive documents. Pursuant to the Federal Rules of Civil Procedure and the Case Management Scheduling Order in this case, no deadlines are tolled pending the Court's ruling on a motion." *Supercooler Techs., Inc. v. Coca-Cola Co.*, No. 6:23-CV-187-CEM-RMN, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023). Defendants are no exception, especially where the written discovery propounded by Aetna goes to the heart of the claims and defenses at issue—including those claims that Defendants concede need not

be arbitrated and are properly in this Court. Accordingly, Aetna hereby respectfully requests the Court to compel Radiology Partners to produce documents in response to Aetna's RFPs and to respond in full to Aetna's interrogatories.

## BACKGROUND

### I. Aetna files this suit, Aetna serves discovery, and the Court enters a Case Management and Scheduling Order.

Aetna filed this action on December 23, 2024. *See* D.E. 1. The parties conducted a planning conference pursuant to Local Rule 3.02(a)(1) on February 14, 2025, during which the parties agreed on a schedule for discovery. *See* D.E. 26 at 2. On February 21, 2025, Aetna served its First Set of Requests for Production and First Set of Interrogatories on Radiology Partners. On February 28, 2025, Aetna served its Second Set of Requests for Production on Radiology Partners.

On February 25, 2025, Defendants moved to dismiss Aetna's claims during the Post-Contract Period, *see* D.E. 27, and to compel arbitration as to Aetna's claims during the Contract Period. *See* D.E. 28. The motions are pending. *See id.*

On March 7, 2025, the Court entered a Case Management and Scheduling Order emphasizing that the discovery schedule set forth therein was final. *See* D.E. 35 at 2. Defendants filed a motion to stay discovery on March 19, 2025. *See* D.E. 36. That motion remains under advisement. *See* D.E. 37.

### II. Defendants' refusal to engage in discovery.

Radiology Partners' operative responses and objections to Aetna's discovery requests are attached hereto as Exhibit A, Exhibit B, and Exhibit C. The responses and objections are uniform: Radiology Partners refuses to participate in discovery

until the Court rules on its pending motions. *See* Exhibit A at 3 ("RP will not produce documents in response to these Requests until the Court rules on the pending Motion to Compel Arbitration and Motion to Stay."); Exhibit B at 3 (same); Exhibit C at 3 ("RP will not provide substantive responses to these Interrogatories until the Court rules on the pending Motion to Compel Arbitration and Motion to Stay.").

> In response to each RFP, Radiology Partners copied and pasted:
>
> RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

Exhibit A at 5–51, Exhibit B at 5–8. Radiology Partners then lists a handful of boilerplate burden and proportionality objections in its supplemental response, concluding each by stating that "it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay." *Id.*

> Similarly, every single interrogatory response is the same:
>
> RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this

- 3 -

>Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.
>
>. . . .
>
>In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

Exhibit C at 5–14.

On May 12, 2025, Aetna informed Radiology Partners that its objections based solely on its pending motions were deficient. *See* Exhibit D. After Radiology Partners supplemented its responses, Aetna informed Radiology Partners on June 16, 2025 that its supplemental boilerplate objections were deficient. *See* Exhibit E. The parties conferred on June 24, 2025, and Radiology Partners informed Aetna that it intended to stand on its objections.

**III.    Aetna's discovery requests seek relevant information.**

Aetna's discovery seeks relevant information. Aetna has accused Defendants of using MBB to bill and submit claims to the No Surprises Act independent dispute resolution ("IDR") processes for services rendered by providers affiliated with other Radiology Partners affiliates that had network contracts and were therefore ineligible for the IDR process. *See* D.E. 1. This was part of what Aetna has

- 4 -

alleged was Defendants' "platform TIN strategy" (*i.e.*, platform tax identification number strategy). *Id.* Thus, Aetna's requests to Radiology Partners seek information relating to: (1) the relationships between Radiology Partners, MBB, and the other Radiology Partners affiliates, including the formation of those relationships; (2) the truthfulness of Defendants' communications with Aetna about their business operations; (3) the platform TIN strategy; (4) the eligibility of claims submitted to the No Surprises Act IDR process; (5) the relationships between Radiology Partners and its affiliates, on the one hand, and the hospitals that they supported, on the other; and (6) information relating to how Defendants describe their relationships publicly, including changes to such descriptions. *See* Exhibits A-C.

## ARGUMENT

### I. Defendants' pending motions are not a valid basis for refusing to engage in discovery.

Radiology Partners' invocation of its pending motions to compel arbitration and stay discovery do not excuse its blanket refusal to engage in any form of discovery. In the Middle District of Florida, requests to stay discovery pending a dispositive motion "are rarely granted." Middle District Discovery (2021) § (I)(E)(4). In the same vein, "discovery proceeds without regard to whether a motion to stay discovery is filed; nowhere in the rules is a motion to stay discovery [] self-executing." *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, No. 6:05–cv–1113–Orl–22DAB, 2006 WL 2038534, at *3 (M.D. Fla. July 19, 2006); *see also CFTC v. Brown*, No. 3:15-cv-354-J-39MCR, 2016 WL 3136847, at *2 n.1 (M.D. Fla.

Jan. 28, 2016) ("[I]t is clear that the filing of a motion to stay does not automatically stay the proceedings."). Nevertheless, a self-executing stay of discovery is precisely what Radiology Partners believes it is entitled to in this case.

The Middle District recently rejected exactly what Radiology Partners is attempting here, ruling that the defendant's "wholesale refusal to produce documents because of pending motions to compel arbitration and stay discovery is not well taken." *Supercooler Techs.,* 2023 WL 7411514 at *1. As in *Supercooler*, "[p]ursuant to the Federal Rules of Civil Procedure and the Case Management Scheduling Order in this case, no deadlines are tolled pending the Court's ruling on a motion," and Radiology Partners "may not unilaterally decide that it does not have an obligation to respond to discovery requests and produce responsive documents." *Id.* Instead, like all litigants, Radiology Partners "is required to participate in discovery and produce all responsive, non-privileged documents [and respond to interrogatories] promptly." *Id.*

What's more, even if the Court were to deny the motion to stay discovery, Radiology Partners would apparently *still* refuse to respond to Aetna's RFPs and interrogatories because of the pending motion to compel arbitration. *See* Exhibit A at 3 ("RP will not produce documents in response to these Requests until the Court rules *on the pending Motion to Compel Arbitration* and Motion to Stay." (emphasis added)); Exhibit B at 3 (same); Exhibit C at 3 ("RP will not provide substantive responses to these Interrogatories until the Court rules *on the pending Motion to Compel Arbitration* and Motion to Stay." (emphasis added)). That is,

- 6 -

Radiology Partners has expressed an intent to continue its self-imposed discovery stay even in the face of a court order denying that very relief. This is plainly impermissible and should not be tolerated.

## II. Defendants' purported waiver concerns are unfounded.

Radiology Partners' discovery responses are also replete with the claim that Radiology Partners "cannot risk waiving its right to arbitrate; accordingly, it must object to Aetna's requests in their entirety." Exhibit A at 3; *see* Exhibit B at 3 (same); Exhibit C at 3 (same). This is not a real issue but rather an excuse that Radiology Partners is attempting to hide behind.

A "[d]efendant will not waive its right to compel arbitration by fulfilling its responsibilities under the Federal Rules of Civil Procedure by answering Plaintiff's discovery requests" where it "did not initiate th[e] lawsuit and its first substantive response to Plaintiff's complaint was a motion to stay and compel arbitration." *Corbin v. Affiliated Computer Servs., Inc.*, No. 6:13-CV-180-ORL-18, 2013 WL 3322650, at *3 (M.D. Fla. July 1, 2013); *see also Doe v. Coll. Bd. & Educ. Testing Serv.*, No. 8:18-CV-2172-T-36AEP, 2019 WL 12289569, at *3 (M.D. Fla. Mar. 14, 2019) (no waiver where "Defendants first response to Plaintiffs pleadings was the Motion to Compel Arbitration" and "Plaintiffs are well aware of Defendants desire to arbitrate").

Here, Radiology Partners did not initiate this case, and Radiology Partners' first response to Aetna's complaint was a motion to compel arbitration. *See* D.E. 28. Simply put, there is no ambiguity as to Radiology Partners' position regarding

arbitrability. Aetna also has represented to Defendants that "*it will not pursue any waiver arguments against Radiology Partners* related to the current claims at issue in this matter." Exhibit D (emphasis added). Concerns "[a]bout waiver" are not "warranted" where "Plaintiffs have represented" they will not pursue waiver arguments. *Doe v. Coll. Bd.,* 2019 WL 12289569, at *3. Thus, waiver of Radiology Partners' right to compel arbitration is inapplicable as a matter of law.

### III. Defendants' remaining boilerplate objections are invalid.

Perhaps recognizing the illegitimacy of their refusal to answer discovery based on the pending motions and feigned waiver concerns, Radiology Partners also copy-and-pasted the same objections across its supplemental responses. For Aetna's RFPs, Radiology Partners claims each "Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents." *See generally* Exhibit A and Exhibit C. And for Aetna's Interrogatories, Radiology Partners asserts each "Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information." Exhibit B. Beyond saying so, there is no further detail provided by Radiology Partners supporting these contentions.

"Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (citing *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 2007 WL 4350865 at *2 (S.D. Fla. 2007)); *see also*

- 8 -

*Polycarpe v. Seterus, Inc.*, No. 6:16–cv–1606, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017) (collecting cases). Indeed, "[a] party objecting on these grounds must explain its reasoning in a specific and particularized way." *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008); *see also* Middle District Discovery (2021) at Section III.A.6. ("Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case."). Accordingly, Radiology Partners' objections "are inadequate and tantamount to not making any objection at all." *Polycarpe* , 2017 WL 2257571, at *2.

Even *if* Radiology Partners' conclusory objections were valid, they lack merit. For instance, Radiology Partners' motion to dismiss goes into length about MBB's billing being proper because MBB holds the facility contracts where the underlying services at issue were rendered. *See*, *e.g.*, D.E. 27 at 26. Accordingly, Aetna's RFP No. 34 seeks documents regarding the facility or hospital where such services were rendered, and Aetna's RFP No. 22 seeks materials related to MBB supposedly providing services at these facilities and hospitals. *See* Exhibit A. For Radiology Partners to now claim both requests seek materials that are "irrelevant" is disingenuous and misguided.

Another example is Aetna's RFP No. 17. A central theme of Aetna's claims is that MBB billed Aetna for medical services that were rendered by providers "actually affiliated with *other* medical groups in Florida that are also owned by

- 9 -

Radiology Partners." D.E. 1 at ¶ 63 (emphasis in original). Thus, Aetna's RFP No. 17 seeks the employment agreements for the providers that rendered services that were billed by MBB to Aetna. *See* Exhibit A. Radiology Partners' assertion that these employment agreements are "irrelevant" and "disproportionate to the needs of the case" lacks credulity.

## CONCLUSION

For the reasons stated above, the Court should issue an order compelling Radiology Partners to produce documents in response to Aetna's RFPs and to respond in full to Aetna's interrogatories.

## FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1) & LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 3.01(g), the undersigned certifies that counsel for Aetna conferred with counsel for Radiology Partners via letter and then, on June 24, 2025, by video conference, and Radiology Partners opposes the relief sought.

Dated: July 28, 2025                             **ROBINS KAPLAN LLP**

*/s/ Jared J. Burns*
Jared J. Burns
Fla. Bar #1003415
JBurns@robinskaplan.com
10151 Deerwood Park Blvd.,
Building 200, Suite 250
Jacksonville, FL 32256
P: 612.349.8500

Nathaniel J. Moore*
NMoore@robinskaplan.com
Marcus A Guith*

MGuith@robinskaplan.com
Kyle D. Nelson*
KNelson@robinskaplan.com
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
P: 612.349.8500

Paul D. Weller*
PWeller@robinskaplan.com
1325 Avenue of the Americas, Suite 2601
New York, New York 10019
P: 212.980.7400

*Attorneys for Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company*

*Admitted *pro hac vice*