# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

AETNA HEALTH INC., AETNA LIFE
INSURANCE COMPANY, and AETNA
HEALTH INSURANCE COMPANY,

           Plaintiffs,

    v.

RADIOLOGY PARTNERS, INC. and
MORI, BEAN AND BROOKS, INC.,

           Defendants.

Case No. 3:24-CV-01343-BJD-LLL

## DEFENDANT RADIOLOGY PARTNERS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS **TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Radiology Partners, Inc. ("RP"), by and through its undersigned counsel, in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits these Responses and Objections to Plaintiff's First Set of Requests for Production (each, a "Request," and together, the "Requests") served by Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company (collectively, "Aetna").

## PRELIMINARY STATEMENT

Defendants RP and Mori, Bean, and Brooks, Inc. ("MBB" together with RP, "Defendants") have filed a Motion to Compel Arbitration, and Motion to Stay [ECF

No. 28] ("Motion to Compel Arbitration" or "MTC Arb."), a Motion to Dismiss [ECF No. 27] ("Motion to Dismiss" or "MTD"), and a Motion to Stay Discovery, or Alternatively Motion for Protective Order [ECF No. 36] ("Motion to Stay Discovery" or "MTS").  Each of the pending motions are fully briefed.

As more fully set forth in those motions, Aetna's Complaint [ECF No. 1] contains overlapping allegations covering a period when the parties were contracted (the "Contracted Period"), and a later period when the parties became subject to the federal No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111-12 (the "NSA Period"). Both Defendants, including RP, have demanded arbitration against and moved for an order compelling Aetna to arbitrate the counts in the Complaint arising out of or relating to the Contracted Period, during which MBB and Aetna had a written contract (the "Contract") that contains a broad arbitration provision. Defendants also filed the Motion to Dismiss as to Aetna's counts relating to the NSA Period.

As explained more fully in the Motion to Compel Arbitration, courts consider whether the right to arbitration was waived when ruling upon a motion to compel arbitration. *Seifert v. U.S. Home Corp*., 750 So. 2d 633, 636 (Fla. 1999); MTC Arb. at pp. 14, 16.  Actively participating in discovery on the merits of the pending claims can constitute a waiver of the right to compel arbitration, which is why Defendants moved for a stay of discovery.  MTS at pp. 18-21; *see, e.g., Stone v. E.F. Hutton&*

*Co., Inc.*, 898 F.2d 1542, 1544 (11th Cir. 1990) (finding defendant's participation in discovery as though preparing for trial constituted a waiver of its right to arbitrate).

As explained in the Motion to Stay, RP is unable to participate in discovery related to the claims it seeks to compel to arbitration without potential waiver of its right to arbitration under the Contract. RP cannot risk waiving its right to arbitrate; accordingly, it must object to Aetna's requests in their entirety. Further, the Contract provides that discovery in arbitration would be more limited than discovery that permitted under the Federal Rules of Civil Procedure. For example, the Contract's arbitration provision expressly prohibits the use of depositions for discovery. Additionally, the arbitration is to proceed under the AAA Commercial Arbitration Rules, which provides for a "relevant and material" standard for documents produced in response to requests for production and that "any necessary exchange of information" should proceed "with a view to achieving an efficient and economical resolution of the dispute."

## SUPPLEMENTAL PRELIMINARY STATEMENT

Given the above, RP will not produce documents in response to these Requests until the Court rules on the pending Motion to Compel Arbitration and Motion to Stay. RP also reserves the right to further supplement or amend its answer and objections to these Requests following the Court's ruling on the pending motions. Solely and specifically to ensure that RP's objections to Aetna's pending discovery

requests are preserved without waiving its right to arbitrate, RP amends its responses solely to assert its objections to Aetna's pending discovery.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

RP objects to the objections and instructions on the bases set forth in its pending Motion to Stay and reserves the right to supplement these objections after the Motion to Stay is resolved, if and when appropriate.

## SUPPLEMENTAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. RP objects to Definition 6 of the term "Platform TIN Strategy" as vague, ambiguous, overly broad, and misleading.

2. RP objects to Definition No. 7 of the term "Agreement" as vague, ambiguous, and overly broad due to the inclusion of the language "arrangement" and understanding. RP will interpret the term "Agreement" in accordance with its usual and customary meanings.

3. RP objects to Definition No. 10 of the term "Document" because Federal Rule of Civil Procedure 34 speaks for itself, and objects to the Plaintiff's definition to the extent it misquotes, misstates, misrepresents, or mischaracterizes the Rule.

4. RP objects to Instruction No. 1 as purporting to require the production of documents not within RP's possession, custody, or control and seeking privileged documents from RP's attorneys.

5. RP objections to Instruction No. 15, regarding the time period for the Requests, as overbroad and irrelevant to the extent that it seeks information from January 1, 2012, through the present day. The relevant time period for the Requests should be limited to January 1, 2018 through the present day.

### RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:** Documents sufficient to identify Your organizational structure, including Your relationship with all Affiliated Medical Groups and Your shareholders, officers, and management team.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request.  RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks the production of documents relating to RP Affiliated Medical Group that have no relevance to this lawsuit. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 2:** All Documents related to Your acquisition of Affiliated Medical Groups in Florida, including MBB. This request includes but is not limited to Documents regarding pitches and marketing materials to the Affiliated Medical Groups; pre-acquisition due diligence completed on the Affiliated Medical Groups; how the acquisition is to be and was structured; and stock

purchase agreements, contribution agreements, operating agreements, and other documents formalizing the acquisitions.

## **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case. As drafted, this Request seeks documents regarding Affiliated Medical Groups, including entities non named in or relevant to this action.

7

Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications related to responding to Aetna's inquiries and communications regarding an increase in the number of claims submitted by MBB to Aetna.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request.  RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or

communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications related to responding to Aetna's inquiries and communications regarding executing a new participation agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications related to formulating, devising, evaluating the appropriateness of, and implementing the Platform TIN Strategy. This request includes but is not limited to Documents and Communications regarding strategies to consolidate the radiology market; evaluating potential medical groups for acquisition; the acquisition of medical groups; implementing the Platform TIN Strategy; providing notice to payors

of medical group acquisitions and the Platform TIN Strategy; and expectations, projections, and reporting of profits, revenues, and returns on investment.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. As drafted, this Request related to RP Affiliated Medical Groups not named as parties in this action, nor

11

relevant in any way. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications related to devising, evaluating, implementing, and effectuating the Platform TIN Strategy in Florida.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request.  RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or

communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 7:** All briefs or submissions You submitted to any NSA IDR entity for the claims at issue in Exhibit A to Plaintiffs' complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications You relied on to formulate the briefs or submissions submitted to the arbitrators during the IDR process for the claims at issue in Exhibit A to Plaintiffs' complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right

to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications related to Your efforts, strategy, and desire to obtain a new network agreement with Aetna for MBB after termination of the Network Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without

16

waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications related to any pre-acquisition and post-acquisition Modeling for the Affiliated Medical Groups in Florida. This request includes but is not limited to Documents and Communications demonstrating the Modeling itself, as well as any commentary, discussion, or analysis related to the Modeling.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or

information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. This request is also vague, ambiguous, and overbroad with respect to the term "post-acquisition." Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 11:** All contracts and agreements between and amongst MBB and Radiology Partners or other Affiliated Medical Groups.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right

to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 12:** All Documents related to Your business strategy You sent to private equity firms prior to their investment or potential investment in Radiology Partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without

waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 13:** All presentations, Documents, and Communications given to or exchanged with Radiology Partners' Board of Directors regarding Radiology Partners' billing strategies and/or the Platform TIN Strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 14:** All Documents that MBB and the Affiliated Medical Groups in Florida provided to Radiology Partners prior to being acquired by Radiology Partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right

to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any

exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 15:** All contracts or agreements between Radiology Partners and any Affiliated Medical Groups in Florida, including MBB.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and Communications relating to concealing and hiding the Platform TIN Strategy from Payors and/or not notifying or otherwise alerting Payors to the Platform TIN Strategy. This request includes but is not limited to Documents and Communications regarding directives, instructions, or guides in how to interact with Payors; discussions or directives regarding providing Payors with notices; and discussions or directives regarding limitations on the number of providers to enroll in a given time period under a TIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by

25

the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. As drafted, this request related to managed care companies and other entities that are not named in this lawsuit, nor relevant in anyway. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 17:** All employment agreements for the Rendering Providers that cover the whole time during which the Rendering Provider was having services billed under MBB's TIN.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request.  RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any

exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 18:** All Documents and Communications related to enrolling Rendering Providers under MBB's TIN. This request includes but is not limited to Documents and Communications regarding decisions and directives to enroll providers from the Affiliated Medical Groups under MBB's TIN; discussions or explanations as to the motivations for enrolling providers from the Affiliated Medical Groups under MBB's TIN; discussions or directives regarding "go-live" dates for enrolling and/or billing; and decisions, discussions, and directives regarding providing notice to Payors related to enrolling Rendering Providers under MBB's TIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to identify the "Division" and/or medical group that Radiology Partners internally has assigned to each Rendering Provider.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right

to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any

exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to identify how each of the Rendering Providers was compensated for services billed under MBB's TIN and what entity, organization, or account paid such compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 21:** Certificates of coverage for any malpractice insurance policies applicable to each of the Rendering Providers that cover the whole time the provider was having services billed under MBB's TIN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 22:** Documents and Communications related to the provision of radiology services at hospitals by MBB. This request is limited to external and internal Communications regarding assigning contracts from Affiliated Medical Groups to MBB, and any marketing materials and/or PowerPoint presentations provided to hospitals related to MBB.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any

exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration
and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 23:** Documents and
Communications related to the supervision of the Rendering Providers, including
but not limited to the members, structure, responsibilities, and purview of the
applicable Local Practice Board(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

RP objects to this request on the basis of Defendants' pending Motion to Stay
Discovery. RP cannot participate in discovery without potential waiver of its right
to compel arbitration, therefore it must object to this Request. RP will supplement
its response to this Request, including revised and additional objections if necessary,
upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by
the Court. RP expressly reserves its right to assert any and all additional objections
to this Request, including to the extent that this Request seeks documents or
information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION
NO. 23:**

In addition to the above and already provided response and objections, RP
objects to the extent that this Request, due to its breadth, seeks documents and/or
communications protected by the attorney-client privilege, the work product

doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 24:** All Documents related to Your strategy to initiate NSA IDR arbitrations in bulk.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 25:** All Documents and Communications related to complaints You received from Your employees, Affiliated Medical Groups, or any payor, including state or federal governments, relating to the manner in which You bill for services allegedly provided by Affiliated Medical Groups.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. As drafted, this Request relates to managed care companies and medical groups not named as parties or relevant in any way to this action. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will

produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 26:** All Communications between You and hospitals who contracted with Affiliated Medical Groups regarding the relationship between those Affiliated Medical Groups and MBB.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 27:** All Documents related to the statement by Boca Radiology Group and Radiology Associates of Florida that they are "division[s] of Mori, Bean, and Brooks" and "provide radiology services to patients throughout the United States, including Mori, Bean, and Brooks, Inc."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 28:** All agreements between Radiology Partners and owners of the Affiliated Medical Groups in Florida.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement

its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 29:** All Documents You have sent to the federal government and/or state government regarding any federal and/or state investigation into Radiology Partners and/or MBB.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request.  RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. As drafted, this Request is a fishing expedition; there is no attempt to even limit the request to any relation to this action. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents

responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO 30:** All Documents related to or demonstrating Your and/or the Affiliated Medical Group's share of the market for radiology services in Florida.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 31:** All offering memorandums, prospectuses, PowerPoints, pitches, or other disclosures made to potential and actual investors in Radiology Partners and/or its corporate affiliates provided by or on behalf of Radiology Partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 32:** All consolidated and consolidating financial statements for Radiology Partners and the Affiliated Medical Groups in Florida from 2017 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right

to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 33**: All Documents and Communications related to or discussing Your strategy, plan, or efforts to utilize the

NSA as a means to increase reimbursements and/or obtain new network contracts from payors.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. As drafted, this Request is not limited to MBB nor the subject matter of this action. Subject to and without

waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO 34**: Documents sufficient to identify the facility or hospital that the Rendering Providers rendered care at for all medical services that were billed to Aetna from 2016 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

## **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any

exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration

and Motion to Stay.


Dated:  May 16, 2025.

Glenn Solomon
*Admitted Pro Hac Vice*
Christopher Charles Jew
*Admitted Pro Hac Vice*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213-443-4355
Email: gsolomon@kslaw.com
        cjew@kslaw.com

Sara Brinkmann
*Admitted Pro Hac Vice*
**KING & SPALDING LLP**
1100 Louisiana Street, Suite 4100
Houston, TX 77002-5213
Telephone: 713-751-3200
Email: sbrinkmann@kslaw.com

*/s/Christopher Jew*
Samantha J. Kavanaugh
Florida Bar No.: 0194662
Michael H. Thompson
Florida Bar No.: 1045189
**KING & SPALDING LLP**
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4700
Miami, FL 33131
Telephone: 305-462-6000
Email: skavanaugh@kslaw.com
        mhthompson@kslaw.com

*Counsel for Defendants Radiology
Partners, Inc. and Mori, Bean, and
Brooks, Inc.*