# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, and AETNA HEALTH INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> RADIOLOGY PARTNERS, INC. and MORI, BEAN AND BROOKS, INC., <br><br> Defendants. | Case No. 3:24-CV-01343-BJD-LLL |

**DEFENDANT RADIOLOGY PARTNERS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Radiology Partners, Inc. ("RP"), by and through its undersigned counsel, in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits these Responses and Objections to Plaintiff's First Set of Requests for Production (each, a "Request," and together, the "Requests") served by Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company (collectively, "Aetna").

**PRELIMINARY STATEMENT**

Defendants RP and Mori, Bean, and Brooks, Inc. ("MBB;" together with RP, "Defendants") have filed a Motion to Compel Arbitration, and Motion to Stay [ECF No. 28] ("Motion to Compel Arbitration" or "MTC Arb."), a Motion to Dismiss [ECF No. 27] ("Motion to Dismiss" or "MTD"), and a Motion to Stay Discovery, or

1

Alternatively Motion for Protective Order [ECF No. 36] ("Motion to Stay Discovery" or "MTS"). Each of the pending motions are fully briefed.

As more fully set forth in those motions, Aetna's Complaint [ECF No. 1] contains overlapping allegations covering a period when the parties were contracted (the "Contracted Period"), and a later period when the parties became subject to the federal No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111-12 (the "NSA Period"). Both Defendants, including RP, have demanded arbitration against and moved for an order compelling Aetna to arbitrate the counts in the Complaint arising out of or relating to the Contracted Period, during which MBB and Aetna had a written contract (the "Contract") that contains a broad arbitration provision. Defendants also filed the Motion to Dismiss as to Aetna's counts relating to the NSA Period.

As explained more fully in the Motion to Compel Arbitration, courts consider whether the right to arbitration was waived when ruling upon a motion to compel arbitration. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999); MTC Arb. at pp. 14, 16. Actively participating in discovery on the merits of the pending claims can constitute a waiver of the right to compel arbitration, which is why Defendants moved for a stay of discovery. MTS at pp. 18-21; *see, e.g., Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1544 (11th Cir. 1990) (finding defendant's participation in discovery as though preparing for trial constituted a waiver of its right to arbitrate).

As explained in the Motion to Stay, RP is unable to participate in discovery related to the claims it seeks to compel to arbitration without potential waiver of its right to arbitration under the Contract. RP cannot risk waiving its right to arbitrate; accordingly, it must object to Aetna's requests in their entirety. Further, the Contract provides that discovery in arbitration would be more limited than discovery that permitted under the Federal Rules of Civil Procedure. For example, the Contract's arbitration provision expressly prohibits the use of depositions for discovery. Additionally, the arbitration is to proceed under the AAA Commercial Arbitration Rules, which provides for a "relevant and material" standard for documents produced in response to requests for production and that "any necessary exchange of information" should proceed "with a view to achieving an efficient and economical resolution of the dispute."

## **SUPPLEMENTAL PRELIMINARY STATEMENT**

Given the above, RP will not provide substantive responses to these Interrogatories until the Court rules on the pending Motion to Compel Arbitration and Motion to Stay. RP also reserves the right to further supplement or amend its answer and objections to these Interrogatories following the Court's ruling on the pending motions. Solely and specifically to ensure that RP's objections to Aetna's pending discovery requests are preserved without waiving its right to arbitrate, RP amends its responses solely to assert its objections to Aetna's pending discovery.

## **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

RP objects to the objections and instructions on the bases set forth in its pending Motion to Stay and reserves the right to supplement these objections after the Motion to Stay is resolved, if and when appropriate.

## **SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:** Describe the history, nature, and circumstances relating Radiology Partners relationship to each Affiliated Medical Group in Florida, including but not limited to:

  a. The name of each medical group, including legal name and any trade names;

  b. The Tax Identification Number(s) of each medical group;

  c. The date that Radiology Partners acquired the stock of each medical group;

  d. The price and/or total consideration that Radiology Partners paid to acquire the stock of each medical group;

  e. The date that Radiology Partners executed a management services agreement with each medical group;

  f. The owner(s) of each medical group from acquisition through present; and

4

g. The dates that Radiology Partners executed Successor Agreements and/or any other contracts with the owners of each medical group.

**RESPONSE TO INTERROGATORY NO. 1:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

5

**INTERROGATORY NO. 2:** Identify each person involved in the selection of which TIN would be used to bill for services provided to Aetna members in Florida by Affiliated Medical Groups, including their respective title(s), role(s), and which entity they were employed by.

**RESPONSE TO INTERROGATORY NO. 2:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement

6

this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 3:** Identify all employees, partners, or shareholders of MBB, and their National Provider Identifier, prior to MBB's affiliation with Radiology Partners.

**RESPONSE TO INTERROGATORY NO. 3:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement

this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 4:** Describe MBB's relationship with each Affiliated Medical Group in Florida.

**RESPONSE TO INTERROGATORY NO. 4:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement

8

this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 5:** Identify every lawsuit in which a Rendering Provider is or was a party from 2019 to present, including the venue, case caption, and case number, where information, answers, pleadings, or discovery related to the Rendering Provider's relationship with Radiology Partners and/or an Affiliated Medical Group.

**RESPONSE TO INTERROGATORY NO. 5:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and

disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 6:** Identify and describe all investments, funding, credit, or other financial assistance that Radiology Partners has received from an Investing Private Equity Firm, including:

a. The amount Radiology Partners received;

b. The terms of the credit/investment; and

c. The Investing Private Equity Firm's ownership stakes.

**RESPONSE TO INTERROGATORY NO. 6:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 7:** Identify each Person who had Communications with an Investing Private Equity Firm related to the Platform TIN Strategy, including but not limited to Communications regarding: strategies to consolidate the radiology market; evaluating potential medical groups for acquisition; the acquisition of medical groups; implementing the Platform TIN Strategy; providing notice to payors of medical group acquisitions and the Platform TIN Strategy; and expectations, projections; and reporting of profits, revenues, and returns on investment.

**RESPONSE TO INTERROGATORY NO. 7:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or

11

as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 8:** Describe each notice that RP, MBB, and/or someone acting on behalf of MBB provided to Aetna under the Network Agreement, including but not limited to:

    a. A description of the notice that was provided;

    b. The date the notice was sent by MBB;

    c. The provision of the Agreement that the notice was provided pursuant to; and,

    d. The effect that You contend the notice had or has under the Network Agreement.

**RESPONSE TO INTERROGATORY NO. 8:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**INTERROGATORY NO. 9:** Describe the process for how Radiology Partners or MBB assigns radiologists to complete readings for patient scans or images at facilities in Florida contracted with MBB.

**RESPONSE TO INTERROGATORY NO. 9:**

RP objects to this Interrogatory on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Interrogatory. RP will supplement its response to this Interrogatory, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Interrogatory, including to the extent that this Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

In addition to the above and already provided response and objections, RP objects to the extent that this Interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant information. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will respond to this request at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

Dated: May 16, 2025.

| | |
|---|---|
| Glenn Solomon<br>*Admitted Pro Hac Vice*<br>Christopher Charles Jew<br>*Admitted Pro Hac Vice*<br>**KING & SPALDING LLP**<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Telephone: 213-443-4355<br>Email: gsolomon@kslaw.com<br>         cjew@kslaw.com<br><br>Sara Brinkmann<br>*Admitted Pro Hac Vice*<br>**KING & SPALDING LLP**<br>1100 Louisiana Street, Suite 4100<br>Houston, TX 77002-5213<br>Telephone: 713-751-3200<br>Email: sbrinkmann@kslaw.com | */s/ Christopher Jew*<br>Samantha J. Kavanaugh<br>Florida Bar No.: 0194662<br>Michael H. Thompson<br>Florida Bar No.: 1045189<br>**KING & SPALDING LLP**<br>Southeast Financial Center<br>200 S. Biscayne Blvd., Suite 4700<br>Miami, FL 33131<br>Telephone: 305-462-6000<br>Email: skavanaugh@kslaw.com<br>         mhthompson@kslaw.com<br><br>*Counsel for Defendants Radiology Partners, Inc. and Mori, Bean, and Brooks, Inc.* |

15