# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, and AETNA HEALTH INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>RADIOLOGY PARTNERS, INC. and MORI, BEAN AND BROOKS, INC.,<br><br>Defendants. | Case No. 3:24-CV-01343-BJD-LLL |

**DEFENDANT RADIOLOGY PARTNERS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant Radiology Partners, Inc. ("RP"), by and through its undersigned counsel, in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits these Responses and Objections to Plaintiff's First Set of Requests for Production (each, a "Request," and together, the "Requests") served by Plaintiffs Aetna Health Inc., Aetna Life Insurance Company, and Aetna Health Insurance Company (collectively, "Aetna").

**PRELIMINARY STATEMENT**

Defendants RP and Mori, Bean, and Brooks, Inc. ("MBB" together with RP, "Defendants") have filed a Motion to Compel Arbitration, and Motion to Stay [ECF No. 28] ("Motion to Compel Arbitration" or "MTC Arb."), a Motion to Dismiss [ECF No. 27] ("Motion to Dismiss" or "MTD"), and a Motion to Stay Discovery, or

Alternatively Motion for Protective Order [ECF No. 36] ("Motion to Stay Discovery" or "MTS"). Each of the pending motions are fully briefed.

As more fully set forth in those motions, Aetna's Complaint [ECF No. 1] contains overlapping allegations covering a period when the parties were contracted (the "Contracted Period"), and a later period when the parties became subject to the federal No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111-12 (the "NSA Period"). Both Defendants, including RP, have demanded arbitration against and moved for an order compelling Aetna to arbitrate the counts in the Complaint arising out of or relating to the Contracted Period, during which MBB and Aetna had a written contract (the "Contract") that contains a broad arbitration provision. Defendants also filed the Motion to Dismiss as to Aetna's counts relating to the NSA Period.

As explained more fully in the Motion to Compel Arbitration, courts consider whether the right to arbitration was waived when ruling upon a motion to compel arbitration. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999); MTC Arb. at pp. 14, 16. Actively participating in discovery on the merits of the pending claims can constitute a waiver of the right to compel arbitration, which is why Defendants moved for a stay of discovery. MTS at pp. 18-21; *see, e.g., Stone v. E.F. Hutton& Co., Inc.*, 898 F.2d 1542, 1544 (11th Cir. 1990) (finding defendant's participation in discovery as though preparing for trial constituted a waiver of its right to arbitrate).

2

As explained in the Motion to Stay, RP is unable to participate in discovery related to the claims it seeks to compel to arbitration without potential waiver of its right to arbitration under the Contract. RP cannot risk waiving its right to arbitrate; accordingly, it must object to Aetna's requests in their entirety. Further, the Contract provides that discovery in arbitration would be more limited than discovery that permitted under the Federal Rules of Civil Procedure. For example, the Contract's arbitration provision expressly prohibits the use of depositions for discovery. Additionally, the arbitration is to proceed under the AAA Commercial Arbitration Rules, which provides for a "relevant and material" standard for documents produced in response to requests for production and that "any necessary exchange of information" should proceed "with a view to achieving an efficient and economical resolution of the dispute."

## SUPPLEMENTAL PRELIMINARY STATEMENT

Given the above, RP will not produce documents in response to these Requests until the Court rules on the pending Motion to Compel Arbitration and Motion to Stay. RP also reserves the right to further supplement or amend its answer and objections to these Requests following the Court's ruling on the pending motions. Solely and specifically to ensure that RP's objections to Aetna's pending discovery requests are preserved without waiving its right to arbitrate, RP amends its responses solely to assert its objections to Aetna's pending discovery.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

RP objects to the objections and instructions on the bases set forth in its pending Motion to Stay and reserves the right to supplement these objections after the Motion to Stay is resolved, if and when appropriate.

## SUPPLEMENTAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. RP objects to Definition No. 6 of the term "Document" because Federal Rule of Civil Procedure 34 speaks for itself, and objects to the Plaintiff's definition to the extent it misquotes, misstates, misrepresents, or mischaracterizes the Rule.

2. RP objects to Definition 11 of the term "Website" as vague, ambiguous, and overly broad.

3. RP objects to Definition No. 7 of the term "Agreement" as vague, ambiguous, and overly broad due to the inclusion of the language "arrangement" and understanding. RP will interpret the term "Agreement" in accordance with its usual and customary meanings.

4. RP objects to Instruction No. 1 as purporting to require the production of documents not within RP's possession, custody, or control and seeking privileged documents from RP's attorneys.

## RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 35:

All Documents reflecting or relating to actual or potential Radiology Partners' communications with third parties regarding This Action, including regarding any Press Releases, communications with media, communications with Public Relations and Crisis Management Firms, internal discussions about any media reporting on This Action, or internal discussions about any external communication regarding This Action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or

communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications discussing, strategizing, directing, or effectuating the Website Changes and the reasons for the Website Changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections

to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications discussing, strategizing, directing, or effectuating changes to any external or internal description of the relationships between Radiology Partners, MBB, the Affiliated Medical Groups, and/or healthcare providers associated with any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery. RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request. RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court. RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any

exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

**REQUEST FOR PRODUCTION NO. 38:**

All Document Retention Policies in effect for Radiology Partners and/or its Affiliated Medical Groups from January 1, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

RP objects to this request on the basis of Defendants' pending Motion to Stay Discovery.  RP cannot participate in discovery without potential waiver of its right to compel arbitration, therefore it must object to this Request.  RP will supplement its response to this Request, including revised and additional objections if necessary, upon resolution of its pending Motion to Stay Discovery, or as otherwise ordered by the Court.  RP expressly reserves its right to assert any and all additional objections to this Request, including to the extent that this Request seeks documents or information protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to the above and already provided response and objections, RP objects to the extent that this Request, due to its breadth, seeks documents and/or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure.

9

Additionally, this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and seeks irrelevant documents. Subject to and without waiving any of the above objections, RP states that it will supplement this response to identify whether RP will produce documents responsive to this request, if any exist, at a reasonable time after the Court rules on its Motion to Compel Arbitration and Motion to Stay.

Dated: May 16, 2025.

| | |
|---|---|
| Glenn Solomon<br>*Admitted Pro Hac Vice*<br>Christopher Charles Jew<br>*Admitted Pro Hac Vice*<br>**KING & SPALDING LLP**<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Telephone: 213-443-4355<br>Email: gsolomon@kslaw.com<br>         cjew@kslaw.com<br><br>Sara Brinkmann<br>*Admitted Pro Hac Vice*<br>**KING & SPALDING LLP**<br>1100 Louisiana Street, Suite 4100<br>Houston, TX 77002-5213<br>Telephone: 713-751-3200<br>Email: sbrinkmann@kslaw.com | */s/ Christopher Jew*<br>Samantha J. Kavanaugh<br>Florida Bar No.: 0194662<br>Michael H. Thompson<br>Florida Bar No.: 1045189<br>**KING & SPALDING LLP**<br>Southeast Financial Center<br>200 S. Biscayne Blvd., Suite 4700<br>Miami, FL 33131<br>Telephone: 305-462-6000<br>Email: skavanaugh@kslaw.com<br>         mhthompson@kslaw.com<br><br>*Counsel for Defendants Radiology Partners, Inc. and Mori, Bean, and Brooks, Inc.* |