**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| AETNA HEALTH INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>RADIOLOGY PARTNERS, INC., *et al.*,<br><br>    *Defendants*. | CASE NO.:  3:24-CV-01343-BJD-LLL |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
DETERMINATION OF ENTITLEMENT TO ATTORNEYS' FEES**

Pursuant to the Court's Endorsed Order of May 21, 2026 [ECF No. 115], Defendants Radiology Partners, Inc. and Mori, Bean, and Brooks, Inc. submit this reply addressing whether, pending resolution of Plaintiffs' appeal, the Court should stay, defer, or dismiss Defendants' Motion for Determination of Entitlement to Attorneys' Fees [ECF No. 107] (the "Fee Motion") as a prevailing party pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  Deferral is appropriate: Fed. R. Civ. P. 54 expressly authorizes deferral, courts in this District routinely employ it, and deferral does not prejudice Aetna.

**I.     The Fee Motion Was Timely and Properly Filed.**

Aetna asserts that Defendants "have taken [the FDUTPA] process out of order" by filing the Fee Motion before the appeal was resolved [ECF No. 112, at 8].

That is incorrect.  Local Rule 7.01(b) *required* Defendants to file a motion on entitlement "within fourteen days after entry of judgment," or by April 30, 2026. Defendants appropriately and timely filed their Fee Motion on April 28, 2026. Aetna's Notice of Appeal (due on May 18, 2026) was filed on May 6, 2026.  Far from being "out of order," the Fee Motion was timely filed to preserve Defendants' fee claim; the question now is how the Court should manage that timely-filed motion pending appeal.

## II.    Rule 54 and This District's Decisions Confirm That Deferral Is Authorized and Appropriate.

Fla. Stat. § 501.2105, which governs attorney's fee awards under FDUTPA, does not address what to do with a timely-filed entitlement motion during an appeal. The statute simply speaks to when fees may be awarded: "after judgment in the trial court and exhaustion of all appeals."  Fla. Stat. § 501.2105(1).

Advisory Committee Notes to Federal Rule of Civil Procedure 54(d)(2) provides more guidance by instructing that, when an appeal is taken from the merits, "the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."  Fed. R. Civ. P. 54 Notes of Advisory Committee on Rules—1993 Amendment.  Deferral is a well-accepted option.  This District has recognized that, in the FDUTPA context as elsewhere, the court "has discretion to defer ruling on a motion for attorney's fees and costs, or it

2

may deny the motion without prejudice." *Novo Nordisk Inc. v. Wells Pharmacy Network, LLC,* No. 2:23-cv-1126, 2025 WL 1009931, at *2 (M.D. Fla. Apr. 4, 2025). Recently, Judge Mendoza confirmed that "courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy." *Atl. Hous. Partners L.L.L.P. v. Brevard Cnty.*, No. 6:23-cv-2056, 2026 WL 456950, at *1-2 (M.D. Fla. Feb. 18, 2026) (quotations omitted).

Aetna's authorities are not to the contrary. *Procaps* addressed whether the court could decide entitlement and amount before all appeals concluded and ultimately *stayed* the FDUTPA portion of the fee motion. *Procaps S.A. v. Patheon Inc.*, 157 F. Supp. 3d 1199, 1200 (S.D. Fla. 2016). The Eleventh Circuit's concern in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994), was to avoid the "perverse result" of fees being awarded to a party who is later reversed on appeal—a concern fully addressed by deferring ruling.[1]

The entitlement inquiry under FDUTPA—including the equitable-factors analysis, the bad-faith analysis (which Aetna raised in opposition to the Fee Motion), and the intertwined-counts analysis—turn on the same factual and legal record the Court analyzed in granting dismissal with prejudice. That record includes the Court's express finding that "Aetna's own admission that it knew RP and MBB, Inc.

---

[1] Aetna correctly concedes that any denial of the Fee Motion must be <u>without</u> prejudice. [ECF No. 112, at 8].

were engaged in [the challenged conduct] as the reason for the termination of the in-network contract is fatal to Aetna's position."[2]  ECF No. 105 at 8-9.

Deferral also protects against unnecessary procedural traps.  Even courts that have selected denial without prejudice have felt the need to specially "absolutely preserve[]" the timely-filed movant's rights.  *Lustig v. Bear Stearns Residential Mortg. Corp.*, No. 09-20704, 2010 WL 11505160, at *1 (S.D. Fla. June 3, 2010).  Deferral makes that workaround unnecessary and eliminates any future dispute over the continuing operation of Local Rule 7.01(b)'s fourteen-day clock.

Deferral best serves judicial economy and avoids the piecemeal litigation that animates Aetna's own authorities.  *See Bluhm v. Wyndham Vacation Ownership, Inc.,* No. 6:19-CV-2300-WWB-LHP, 2023 WL 3121397, at *11 (M.D. Fla. Mar. 13, 2023) ("[I]t would not be in the interests of judiciary economy or efficiency to engage in piecemeal litigation on the issue of fees."); *Novo Nordisk*, 2025 WL 1009931, at *2 (denying without prejudice in part to "preserve judicial resources, prevent piecemeal litigation . . . , and promote the interests of efficiency and economy").  Those same interests are better served by holding the timely-filed motion in abeyance rather than dismissing it and ordering it re-filed.

---

[2] Defendants also intend to introduce other evidence in support of their Fee Motion that establishes Plaintiffs' bad faith in bringing their claims because of their knowledge of MBB, Inc.'s expansion, established in correspondence between the parties that culminated in an amended agreement effective December 1, 2020.

## III.    Conclusion.

For the foregoing reasons, Defendants respectfully request that the Court defer ruling on the Fee Motion, or alternatively, stay it or deny without prejudice, pending resolution of Plaintiffs' appeal in Case No. 26-11607-G.

Respectfully submitted this 27th day of May 2026.

Glenn Solomon
*Admitted Pro Hac Vice*
Christopher Charles Jew
*Admitted Pro Hac Vice*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213-443-4355
Email: gsolomon@kslaw.com
　　　cjew@kslaw.com

Sara Brinkmann
*Admitted Pro Hac Vice*
**KING & SPALDING LLP**
1100 Louisiana Street, Suite 4100
Houston, TX  77002-5213
Telephone: 713-751-3200
Email: sbrinkmann@kslaw.com

*/s/ Brian P. Miller*
Brian P. Miller
Florida Bar No.:  0980633
Lead Counsel
Samantha J. Kavanaugh
Florida Bar No.:  0194662
**KING & SPALDING LLP**
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4700
Miami, FL  33131
Telephone: 305-462-6000
Email:  bmiller@kslaw.com
　　　　skavanaugh@kslaw.com

Michael H. Thompson
Florida Bar No.:  1045189
**KING & SPALDING LLP**
1180 Peachtree St., NE, Suite 1600
Atlanta, GA  30309
Telephone:  404-572-4600
Email:  mhthompson@kslaw.com

*Counsel for Defendants Radiology Partners, Inc. and Mori, Bean, and Brooks, Inc.*